Filed 2/11/14  P. v. Adzhigirey CA3

## <u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

## (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C071734 |
| Plaintiff and Respondent, | (Super. Ct. No. 03F03603) |
| v. | |
| ANATOLIY ADZHIGIREY, | |
| Defendant and Appellant. | |

A complaint charged defendant Anatoliy Adzhigirey with second degree robbery (Pen. Code, § 211).[1]  At the preliminary hearing, based on the complaining witness's statement that defendant was not involved in the crime, the prosecutor requested the case

---

[1] Undesignated statutory references are to the Penal Code.

1

be dismissed. The trial court granted the request. More than eight years later, defendant filed a motion for a finding of factual innocence. The trial court denied the motion. Defendant appeals the trial court's denial of his motion. We shall affirm.

## FACTUAL BACKGROUND

In April 2003, Sergei Smolya reported he had been robbed by defendant and his friends while standing in front of apartment number 34. Defendant and his brother Andre lived in apartment 34. Smolya reported defendant and other men demanded Smolya give them money for drugs. When Smolya refused, one man held him in a headlock and the others punched him. Smolya reported defendant reached into Smolya's pants pocket and removed $30 and the men also stole his backpack, digital video camera, and depression medication. Smolya used a pay phone to call police and saw one of his assailants throw his backpack into a dumpster. He went to retrieve his backpack and the men attacked him again. Smolya identified his assailants as defendant, Vaycheslav Nechitaylo, Ivan B., and another individual.

Two other witnesses saw three men beating Smolya. They were able to identify Nechitaylo as one of those men. One of the witnesses, the apartment complex security guard, advised law enforcement that two of the robbery suspects were in the apartment complex in a black Mitsubishi. Officers stopped the car. There were two people in the car, defendant was the driver and Ivan B. was the passenger. Defendant's brother, Andre, was identified by the complex security officer as having helped the suspects flee the scene before law enforcement arrived. Another witness, the apartment manager's husband, saw Smolya placed in a headlock and saw Nechitaylo reach into Smolya's pocket, while the other men hit and punched Smolya.

Smolya told deputies he wanted to press charges against "the guys who hit" him, except for defendant, because defendant was his "friend's brother." The interviewing

deputy noted Smolya had made "several conflicting statements. I was unable to obtain a clear statement as to the account of events."

A few hours later, the apartment manager reported a suspected burglary in apartment 34. Upon responding law enforcement found that one of the people in the apartment was Nechitaylo. He was identified by the apartment manager's husband and the security guard as one of the robbery suspects. The apartment manager's husband again identified him as the person who reached into Smolya's pocket.

On the day after the robbery, Smolya requested the charges against defendant be dropped. He also stated he had received a call from another of defendant's brothers (Seth) threatening that he would kill Smolya unless the charges against defendant were dropped.

A complaint charged defendant with robbery. By the time of the preliminary hearing, Smolya was insistent that defendant was not involved in the crime. The prosecutor was uncertain whether Smolya's recanting was due to defendant not being involved in the crime or because Smolya had been threatened. Nonetheless, the prosecutor requested the court dismiss the charges. Smolya denied anyone had pressured him. Nechitaylo pleaded no contest to simple assault.

In January 2012, defendant filed a motion for a finding of factual innocence under section 851.8. Smolya gave a statement that indicated there was "a lot of confusion" on the date of the incident, and that the officer did not understand who was involved and "mistakenly arrested" defendant. Smolya claimed he made multiple attempts to explain that defendant was not involved.

The trial court found good cause for the delay in filing the motion. At the hearing on the motion, Smolya testified he had told officers the attack occurred in front of defendant's apartment, not that defendant was involved in the attack. Smolya stated he

3

had been good friends with defendant at the time and that it was defendant's brother, Andre, who was responsible. Smolya testified he also told the district attorney defendant was not present at the time of the robbery. On cross-examination, Smolya admitted he had told the officers defendant had robbed him while they were standing in front of apartment 34 and that defendant had reached in to his pocket and taken $30. Smolya then indicated he had not been telling the police the truth when he reported defendant had robbed him. He had not realized the severity of the accusation he was making. He gave the officers wrong information because he was angry and frustrated.

The trial court denied the motion.

## DISCUSSION

Defendant contends the trial court erred in denying his petition to declare him innocent of the charges stemming from the April 2003 burglary. We reject the contention.

"In any case where a person has been arrested, and an accusatory pleading has been filed, but where no conviction has occurred, the defendant may, at any time after dismissal of the action, petition the court that dismissed the action for a finding that the defendant is factually innocent of the charges for which the arrest was made. . . ." (§ 851.8, subd. (c).)

"A finding of factual innocence and an order for the sealing and destruction of records pursuant to this section shall not be made unless the court finds that no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made. In any court hearing to determine the factual innocence of a party, the initial burden of proof shall rest with the petitioner to show that no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made. If the court finds that this showing of no reasonable cause has been made by the petitioner,

4

then the burden of proof shall shift to the respondent to show that a reasonable cause exists to believe that the petitioner committed the offense for which the arrest was made." (§ 851.8, subd. (b).)

" ' " 'Reasonable cause' " ' is a well-established legal standard, ' "defined as that state of facts as would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime." ' [Citations.]  To be entitled to relief under section 851.8, '[t]he arrestee [or defendant] thus must establish that facts exist which would lead no person of ordinary care and prudence to believe or conscientiously entertain any honest and strong suspicion that the person arrested [or acquitted] is guilty of the crimes charged.' " (*People v. Adair* (2003) 29 Cal.4th 895, 904 (*Adair*).)  Section 851.8 establishes "an objective standard for assaying factual innocence." (*Adair*, at p. 905.)

On review, "we defer to the trial court's factual findings to the extent they are supported by substantial evidence, but independently review the record to determine whether the defendant sustained his burden of showing that no reasonable cause exists to believe he or she committed the charged offense. " (*People v. Esmaili* (2013) 213 Cal.App.4th 1449, 1457-1458.)

" ' "[F]actually innocent" as used in [section 851.8(b)] does not mean a lack of proof of guilt beyond a reasonable doubt or even by "a preponderance of evidence." [Citation.]' [Citation.]  Defendants must 'show that the state should never have subjected them to the compulsion of the criminal law—because no objective factors justified official action . . . .' [Citation.]  In sum, the record must exonerate, not merely raise a substantial question as to guilt." (*Adair, supra*, 29 Cal.4th at p. 909.)  Furthermore, probable cause or reasonable cause is a "fluid concept" that does not even require a prima facie case of the defendant's guilt. (*Illinois v. Gates* (1983) 462 U.S. 213, 232, 235 [76 L.Ed.2d 527, 544, 546].)

5

On this record we find defendant has not met his burden. "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) A defendant may be guilty of robbery as an aider and abettor, even if he does not personally demand or take the property. (*People v. Burney* (2009) 47 Cal.4th 203, 244.)

Here, the incident took place in front of defendant's apartment and the complaining witness identified defendant as one of the assailants. Smolya told officers at the time of the offense that defendant demanded money, beat him, and reached into his front pocket and took $30—that conduct describes a robbery. The complex security guard also identified defendant as a participant in the robbery. Although he saw a different individual reach into Smolya's pocket, this discrepancy would not, in and of itself, have precluded liability for defendant for robbery under an aider and abettor theory.

It is true, the complaining witness later recanted his statements identifying defendant as a participant in the robbery and requested the charges against defendant be dropped. However, Smolya also stated that recantation was under a threat of violence from defendant's brother. Moreover, even after repeatedly recanting his statements regarding defendant's involvement in the robbery, Smolya acknowledged that at the time of the incident, he told officers defendant had robbed him while they were standing in front of defendant's apartment and that defendant had taken the money from his pocket. This record does not exonerate defendant. There are objective factors that justified the arrest, not the least of which was the victim's contemporaneous identification of defendant as one of the robbers. Accordingly, we find defendant has not met his burden of showing there is no reasonable cause to believe he committed robbery. We conclude the trial court correctly denied defendant's petition.

6

## DISPOSITION

The judgment is affirmed.

          BUTZ          , J.

We concur:

       BLEASE       , Acting P. J.

       MURRAY       , J.